## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

JESSE R. MCNUTT                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 5:12CV-29-R

ROBERT JEFFREY HINES                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Jesse R. McNutt filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees. **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 2) is **GRANTED**. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the instant action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff filed a complaint captioned "Confirmed Complaint of Malpractice" against Defendant Robert Jeffrey Hines, whom he states acted as special judge in a case in Calloway Circuit Court. He states that he was denied "due process the right to testify a first article violation in Calloway Circuit Court." He states that he is poor and has been forced to act without legally trained counsel. He further states that he was denied a court date to argue an order by Defendant. Plaintiff states that the order violated his right to redress grievances, due process, and equal protection under the Tenth, Eleventh, and Thirteenth Amendments to the United States Constitution.

Plaintiff alleges a tort of conversion. He states that, as a result of Defendant's "willful ministerial neglegence of your layman's right to testify," Defendant ordered a sale of his

property.  He states that "a rule 11 sanction was granted to a divorce attorney against layman."

Plaintiff further states that the order of sale and Rule 11 sanction are void or voidable.  As relief,

Plaintiff seeks damages and injunctive relief.

## II.  ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant

action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, this Court must

dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than

formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be

less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up

unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and

the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins.

Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to

explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the

district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985).

Judges are entitled to absolute immunity for actions arising out of all acts performed in

the exercise of their judicial functions.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Immunity

extends to complaints arising out of judicial conduct in criminal as well as civil suits.  *Pierson v.

Ray*, 386 U.S. 547, 553-54 (1967).  Moreover, the common law immunity of judges applies to

2

suits alleging deprivations of constitutional rights.  *Id.*  A plaintiff may recover damages against a judge only when the judge has acted in "clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)).  Furthermore, "[a]bsolute immunity is not available if the alleged wrongful conduct was committed pursuant to a non-judicial act, *i.e.*, one not taken in the judge's judicial capacity, such as terminating an employee."  *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Forrester v. White*, 484 U.S. 219, 229-30 (1988)).

In the instant case, Plaintiff states that Defendant was acting a special judge in a legal proceeding in Calloway Circuit Court.  While he describes Defendant in the caption of the complaint as "Acting . . . In Total Absence of Personal Jurisdiction, Venue & Authority," he does not state any facts stating how or why he believes that Defendant was acting in absence of jurisdiction.  The Court is not required to accepted legal conclusions without "'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, --, 129 S. Ct. 1937, 1929 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Likewise, Plaintiff does not allege that his claims arise out of any non-judicial act by Defendant.

Therefore, Defendant's conduct is protected by judicial immunity, and Plaintiff's complaint against him will be dismissed for failure to state a claim upon which relief may be granted.  A separate Order of dismissal will be entered consistent with this Memorandum Opinion and Order.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4413.010

3